IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL E. ADAMS,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 09-3008** |
| | : | |
| **LAFAYETTE COLLEGE,** | : | |
| **Defendant** | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                      **August 31, 2009**

This is an employment discrimination case.  On June 10, 2009, the plaintiff,

Michael Adams, initiated a suit in the Court of Common Pleas for Northampton County,

Pennsylvania, against his employer, Lafayette College (Lafayette).  Lafayette moved to

remove the action to this court on July 6, 2009, and filed the pending motion to dismiss

on July 13, 2009.  Upon careful consideration of  the complaint and the motion to dismiss,

I will grant the motion in full.


**I. Background**[1]

Michael Adams has been employed by Lafayette since 1991 as a mechanical

tradesman.  (Compl. ¶ 3.)  He has maintained satisfactory performance reviews and has

not been reprimanded over any serious issues.  (Id. ¶ 7.)  He is qualified for his position

and continues to work at Lafayette.  (Id. ¶¶ 5–6.)  He was fifty-one years old during the

---

[1] All facts are drawn from the complaint, and factual inferences are reasonably drawn in
the plaintiff's favor.

relevant time period.  (Id. ¶ 26.)

On January 8, 2007, Adams used Lafayette's radio to make a request to use his vacation time to leave work for that afternoon.  (Id. ¶ 8.)  Donald Brinker, Adams' supervisor, later reprimanded him for requesting the time off.  (Id. ¶ 9.)  During the course of this conversation, Adams turned his back to Brinker.  (Id. ¶ 9.)

The next day (January 9, 2007), George Xiques, Assistant Director of Engineering and Planning and Plant Operations for Lafayette, informed Adams he would be suspended for one day for insubordination because he turned his back to Brinker.  (Id. ¶¶ 10–11.)  Xiques told Adams that Brinker had written a letter describing the details of the one-day suspension as well as Adams' other shortcomings.  (Id. ¶ 12.)  This letter was to be added to Adams' employment file with Lafayette.  (Id.)  Xiques also said Lafayette was "building a file" on Adams.  (Id. ¶ 15.)

Adams believes that any discussion of his shortcomings was unsubstantiated and without merit.  (Id. ¶ 13.)  When Adams asked Brinker about the letter, Brinker responded, "[T]his is not an investigation.  It is a reprimand."  (Id. ¶ 14.)

The latter parts of the complaint primarily consists of the following allegations based solely on Adams' belief and averment:

- Lafayette does not have a "proscribed disciplinary policy [sic]" for its employees;

- Lafayette "disciplines each employee differently for similar infractions";

- Lafayette "will discipline some employees for an infraction and not discipline other employees for the same infraction";

- Lafayette "created a discipline letter falsely in order to create grounds for [Adams'] eventual termination";

- Adams is "older than most of his co-workers and has waited longer to receive promotions . . . than younger workers";

- Lafayette "discriminated against him on several other occasions by giving him penalties and suspensions for minor infractions that [Lafayette] would not give to younger employees."

(Id. ¶¶ 16–20, 23.)  It is also alleged that Lafayette subjected Adams to age discrimination by its decisions not to allow him to use its vehicles while allowing younger employees to do so and denying him specific training and certain preferential job assignments given to younger employees.  (Id. ¶¶ 21–22.)

## II. Standard of review

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The factual allegations must be sufficient to make the claim for relief more than just speculative.  Bell Atlantic Corp. v. Twombly, 550 US 544, 127 S.Ct. 1955, 1965 (2007).  In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  Id.  See also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944

(3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim.  Conley, 355 U.S. at 47.  Rather, the Rules require a "short and plain statement" of the claim that will provide fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.  Id.  The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements.  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 127 S.Ct. at 1965)).

The Court most recently re-emphasized these principles in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  As interpreted by the Third Circuit Court of Appeals, Iqbal establishes a two-part analysis for district courts considering a Rule 12(b)(6) motion to dismiss.  First, the factual elements of a claim should be separated from the legal elements.  Fowler v. UPMC Shadyside, 2009 WL 2501662, at *5 (3d Cir. Aug. 18, 2009).  The court must accept as true the complaint's factual allegations but not its legal conclusions.  Id.; Iqbal, 129 S. Ct. at 1950.  In Iqbal, application of this principle led the Court to disregard the allegation that the former Attorney General and other defendants "'knew of, condoned, and wilfully and maliciously agreed to subject [Iqbal]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological reason.'"  Iqbal, 129 S. Ct. at

-4-

1951 (quoting Complaint ¶ 96, App. to Pet. for Cert. 173a–174a).

Second, the court must determine if facts alleged are sufficient to state a plausible claim for relief. Fowler, 2009 WL 2501662, at *5; Iqbal, 129 S. Ct. at 1950. The plaintiff must demonstrate there is more than just a *mere possibility* of an entitlement to relief; he must allege facts plausibly suggesting his injury was due to (and most logically explained by) the defendant's misconduct. Accordingly, the Court carefully considered the allegation that the defendants purposefully placed individuals into highly restrictive confinement solely because of their race, religion, or national origin and found it only presented a conceivable discrimination claim, not a plausible claim. Iqbal, 129 S. Ct. at 1952. There was no suggestion the defendants in question had directly used improper reasons for classifying persons, and the only factual allegation raised was the accusation they had approved a policy of restrictive confinement for certain suspected terrorist detainees until cleared by the Federal Bureau of Investigation. Id. Rather than suggesting invidious discrimination, the complaint, per the Court's reading, merely suggested that "the Nation's top law enforcement officers, in the aftermath of a devastating terrorist attack, sought to keep suspected terrorists in the most secure conditions available until the suspects could be cleared of terrorist activity." Id.

These general pleading standards are equally applicable to employment discrimination cases. See Fowler, 2009 WL 2501662, at *6 ("[T]he plausibility paradigm announced in Twombly applies with equal force to analyzing the adequacy of claims of

employment discrimination." (quoting <u>Wilkerson v. New Media Tech. Charter Sch., Inc.</u>, 522 F.3d 315 (3d Cir. 2008) (internal quotation marks omitted))).

## III. Discussion

The federal pleading standards are liberal, but are not so permissive so as to allow the unadorned allegations of this complaint to survive the motion to dismiss.  As <u>Iqbal</u> and <u>Twombly</u> teach, it is not enough merely to state particular legal conclusions or to suggest implausible inferences from factual allegations.  <u>Iqbal</u>, 129 S. Ct. at 1949–50 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").  The complaint fails to pass these minimal requirements.

Adams pleads, on belief, he was penalized or suspended for minor infractions while younger employees would not receive such treatment for similar violations and that the January 2007 suspension was due to his age.  (<u>Id.</u> ¶¶ 23–24.)  These are legal conclusions and are properly disregarded.  The bald assertion Adams was treated differently because of his age is unsupported by any factual basis as to who these other comparators are, what comparable situations have arisen as between himself and those younger co-workers, and whether the alleged penalties or suspensions he has received are comparatively harsher than those of his colleagues.  <u>See, e.g.</u>, <u>Golod v. Bank of America</u>

-6-

Corp., 2009 WL 1605309, at *3 (D. Del. June 4, 2009) (dismissing a Title VII failure-to-promote claim where the complaint failed to identify which promotions she was denied because of discrimination or retaliation).  No mention or discussion has even been presented on the kinds of penalties Adams has already received for prior infractions, facts with which he would be intimately familiar.  Additionally, Adams' statements that younger employees were treated differently on several other occasions and that he received harsher treatment because of his age are merely legal conclusions.  Without some factual basis, they simply restate the elements of a *prima facie* age discrimination claim and are not entitled to be presumed to be true.

With respect to the suspension in question, Adams fails to recognize such a disciplinary action is just as easily explained by the fact he turned his back to his supervisor.  Indeed, there is no allegation that the one-day suspension is contrary to any disciplinary policy or custom of Lafayette.  The absence of factual allegations indicating a closer, causal link between the suspension decision and Adams' age as opposed to an employer's general disciplinary concerns leaves the claim at the conceivable stage.

Similarly, the allegation that each employee is disciplined differently for similar infractions is without basis.  This too is a poorly disguised attempt to plead the necessary elements of the discrimination claim with the imprimatur of factual belief.  Disparate treatment of otherwise similarly situated individuals is an integral facet of the employment discrimination claim.  Simply attempting to state that such individuals

experience different treatment is no more sufficient than pleading the element in abstract. Adams' failure to highlight the alleged discriminatory treatment he has suffered as compared to his younger co-workers leaves these allegations without the factual support necessary to survive this motion to dismiss.

Adams counters that Lafayette's position would improperly limit a plaintiff's ability to raise a discrimination claim by requiring the plaintiff to muster the crucial evidence, which is most often in the defendants' hands, *before* discovery.  (Pl.'s Resp. at 2–3.)  In primary support, Adams relies on the liberal pleading discussion set forth in Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).  Contrary to plaintiff's position, the Fowler decision specifically noted the Supreme Court's indirect repudiation of the Swierkiewicz ruling to the extent it relies on Conley and its "no set of facts" requirements.  Fowler, 2009 WL 2501662, at *5.

More importantly, Adams overlooks the key factual distinctions between his case and Swierkiewicz.  In that case, the Court specifically noted the complaint easily satisfied the requirements of Rule 8(a) because it "detailed the events leading to termination, provided relevant dates, and included the ages . . . of at least some of the relevant persons involved with his [adverse employment action]."  Swierkiewicz, 534 U.S. at 514.  On the other hand, Adams's complaint factual allegations are scant and rely primarily on his own averments that he has been treated differently because of his age.  Though Adams has sufficiently plead he was suspended for one day for turning his back to his supervisor, he

has failed to allege sufficient facts to nudge his claim from conceivable to plausible.[2]

## IV. Conclusion

For the foregoing reasons, I will grant the motion.

---

[2] My ruling should not be construed as requiring potential plaintiffs to muster all facts necessary for their claim before the complaint is filed.  As discussed earlier, the Federal Rules of Civil Procedure have consistently been interpreted as providing a liberal pleading standard.  To be sure, the Twombly and Iqbal decisions have clarified the minimal pleading standards by rejecting formulaic recitations of the elements of a cause of action as well as allegations consisting only of labels or conclusions.  Additionally, the complaint must set recite facts sufficient to show a plausible claim of relief.

Here, the complaint is dismissed because it fails to clear minimal procedural hurdles. Careful analysis of the allegations reveal they are only conclusory restatements of the elements of an employment discrimination claim.  Adams has certainly stated facts for a conceivable claim but falls short of demonstrating a plausible claim of relief.